**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 39**

Docket No. AT-0752-14-0058-B-1

**Lisa J. Hess,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

November 18, 2016

Thomas J. Connick, Esquire, Cleveland, Ohio, for the appellant.

Jason L. Hardy, Esquire, and Margaret L. Baskette, Esquire, Clearwater, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      This appeal is before us on the administrative judge's July 22, 2016 order certifying for interlocutory review his ruling that the Board lacks the authority to award compensatory damages in discrimination and equal employment opportunity (EEO) reprisal claims. For the reasons discussed below, we REVERSE the administrative judge's ruling, VACATE the order that stayed the proceedings below, and RETURN the appeal to the regional office for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2      The agency removed the appellant effective September 27, 2013. *Hess v. U.S. Postal Service*, MSPB Docket No. AT-0752-14-0058-I-1, Initial Appeal File (IAF), Tab 5 at 65-68. She appealed her removal, and raised affirmative defenses of sex and disability discrimination, reprisal for EEO activity, and whistleblower reprisal. IAF, Tab 1 at 3, 6; *Hess v. U.S. Postal Service*, MSPB Docket No. AT‑0752-14-0058-I-2, Refiled Appeal File (RAF), Tab 18 at 4. Subsequently, the agency rescinded the action, removed all references thereto from the appellant's official personnel folder, and retroactively returned her to the nonpay status that she occupied prior to her removal. IAF, Tab 26 at 35-36, 56.

¶3      The administrative judge issued an initial decision, dismissing the appeal as moot. RAF, Tab 23, Initial Decision (ID). In doing so, he found that no hearing was necessary concerning the appellant's affirmative defenses because she failed to allege a genuine issue of material fact entitling her to additional relief. ID at 4‑20.

¶4      Shortly after the administrative judge issued the initial decision in the instant appeal, the Board issued *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015). In *Savage*, we observed that it is civil service law that defines the procedures by which we decide whether a violation of title VII has taken place, including 5 U.S.C. § 7702(a)(1)(B). *Id.*, ¶ 45. Those procedures do not provide for summary judgment. *Id.*, ¶ 46 & n.10.

¶5      The appellant petitioned for review of the initial decision. *Hess v. U.S. Postal Service*, MSPB Docket No. AT-0752-14-0058-I-2, Petition for Review File, Tab 1. In an Opinion and Order, we affirmed the administrative judge's finding that the appellant's removal and her whistleblower reprisal defense were moot. *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 1, 6‑8 (2016). However, relying on *Savage*, 122 M.S.P.R. 612, ¶¶ 45‑46 & n.10, we found that the administrative judge erred in dismissing the appellant's discrimination and

EEO retaliation affirmative defenses without a hearing because the appellant had stated cognizable claims. *Hess*, 123 M.S.P.R. 183, ¶¶ 9-10. We remanded the appeal to the regional office for a hearing on these claims. *Id.*, ¶¶ 10-11.

¶6    On remand, the administrative judge ordered the parties to brief the issue of whether, pursuant to its decision in *Savage*, the Board lacks authority to award compensatory damages should the appellant prove her EEO affirmative defenses. Remand File (RF), Tab 9. The administrative judge observed that, because the underlying removal claim is no longer an issue, in the absence of the authority to award compensatory damages, the Board lacks jurisdiction over the instant appeal. *Id.* at 1, 3. Both parties responded that they believed the Board has the authority to award compensatory damages. RF, Tabs 15‑16. Nevertheless, the administrative judge ruled that the Board lacks such authority. RF, Tab 17 at 3‑6. On that basis, he once again found that the appeal is moot. *Id.* at 1, 6‑7. He then certified his ruling for interlocutory review. RF, Tab 18; *see* 5 C.F.R. § 1201.91.

## ANALYSIS

¶7    An administrative judge will certify a ruling for interlocutory review if the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and an immediate ruling will materially advance the completing of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public. *Cooper v. Department of the Navy*, 98 M.S.P.R. 683, ¶ 5 (2005); 5 C.F.R. § 1201.92. In light of the lack of guidance regarding the impact of the *Savage* decision on the Board's authority to award compensatory damages, we find that certification was proper.

¶8    A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Wrighten v. Office of Personnel Management*, 89 M.S.P.R. 163, ¶ 5 (2001). An appeal will be

dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant. *Id.* Thus, an agency's complete rescission of the action appealed, and an appellant's restoration to the status quo ante, may render an appeal moot. *Id.*, ¶¶ 6‑8. However, if an appellant raises a claim for compensatory damages that the Board has jurisdiction to adjudicate, the agency's complete rescission of the action appealed does not afford her all of the relief available before the Board and the appeal is not moot. *Id.*, ¶ 9.

¶9    Thus, because the agency rescinded the appellant's removal and returned her to status quo ante, we must determine whether the Board has authority to award compensatory damages for discrimination and EEO reprisal claims. IAF, Tab 26 at 35-36, 56. The Board's authority to adjudicate such claims arises from the "integrated scheme of administrative and judicial review" contained in the Civil Service Reform Act (CSRA) of 1978. *United States v. Fausto*, 484 U.S. 439, 445 (1988) (finding that a former Federal employee without Board appeal rights was not entitled to seek judicial review of his suspension), *superseded by statute on other grounds as stated in Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013); CSRA, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in various sections of title 5, including as pertinent here, 5 U.S.C. §§ 7701‑7703).

¶10    The CSRA does not address the Board's authority to award compensatory damages in connection with discrimination claims. *See generally* CSRA, Pub. L. No. 95-454, 92 Stat. 1111. This omission is not surprising because such damages were not available until more than 10 years after the CSRA was enacted.[1] *Cf. West v. Gibson*, 527 U.S. 212, 217 (1999) (observing that it was

---

[1] By contrast, the Board's authority to award reinstatement and back pay in appeals in which it finds discrimination derives from the CSRA. *Savage*, 122 M.S.P.R. 612, ¶ 47 (citing 5 U.S.C. §§ 1204(a), 2302(b)(1), 7701(c)(2)(B)); *see* 5 U.S.C. § 5596(b)(1) (authorizing back pay for periods during which an employee was "affected by an unjustified or unwarranted personnel action").

"not surprising" that the statutory authority of the Equal Employment Opportunity Commission (EEOC) does not specifically enumerate compensatory damages because such damages were not available when the statute in question was enacted). With the Civil Rights Act of 1991, Pub. L. No. 102‑166, § 102, 105 Stat. 1071, 1072-74 (codified at 42 U.S.C. § 1981a), Congress authorized compensatory damages for both title VII and disability discrimination claims under 42 U.S.C. § 1981a(a)(1)‑(2).[2] Neither the Civil Rights Act of 1991, nor its

---

[2] Section 1981a provides, in relevant part:

(a) Right of recovery

(1) Civil rights

In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5, 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. §§ 2000e-2, 2000e-3, 2000e-16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

(2) Disability

In an action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5, 2000e-16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12117(a)), and section 794a(a)(l) of title 29, respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of title 29 and the regulations implementing section 791 of title 29, or who violated the requirements of section 791 of title 29 or the regulations implementing section 791 of title 29 concerning the provision of a reasonable accommodation, or section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12112), or committed a violation of section 102(b)(5) of the Act, against an individual, the complaining party may recover

legislative history, addresses whether the Board has the authority to award compensatory damages. 42 U.S.C. § 1981a; H.R. Rep. Nos. 104-40(I)-(II) (1991), *reprinted in* 1991 U.S.C.C.A.N. 549; *see Savage*, 122 M.S.P.R. 612, ¶ 45 (observing that title VII does not provide the Board with enforcement authority). However, because the Board is charged with applying substantive discrimination law, we have long awarded compensatory damages. *See Savage*, 122 M.S.P.R. 612, ¶ 45 (observing that the Board adjudicates substantive discrimination issues under the standard set forth in 42 U.S.C. § 2000e-16(a)); *Southerland v. Department of Defense*, 122 M.S.P.R. 51, ¶ 12 (2014) (observing that the Board generally defers to the EEOC on substantive discrimination law).[3]

¶11      This practice of awarding of damages is consistent with the structure of the CSRA. The CSRA provides for a complex interplay between the Board and the EEOC. An employee or applicant alleging discrimination in conjunction with an otherwise appealable action initially may elect either to file an EEO complaint with her agency or proceed directly to the Board. *Lott v. Department of the Army*, 82 M.S.P.R. 666, ¶ 6 (1999); 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b); *see* 5 U.S.C. §§ 7701(a), 7702(a)(1)‑(2). However, regardless of

> compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

Both the Board and the EEOC have recognized that the term "action" in these subsections includes both court actions and the administrative process. *Crosby v. U.S. Postal Service*, 78 M.S.P.R. 263, ¶¶ 7-8 (1998) (citing *Jackson v. Runyon*, EEOC Appeal No. 01923399, 1992 WL 1372557 (Nov. 12, 1992)).

[3] Member Robbins does not believe that the Board has express statutory authority to award compensatory damages, and inferences from title 42 are inadequate. The Board's authority is limited to those matters over which is has been given authority by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). However, he does not believe this case is the proper venue in which to address this issue. The Board previously has awarded compensatory damages in mixed cases, and our holding in *Savage* was not intended to disrupt the status quo on this issue.

the avenue chosen, the complaining individual's only right to an evidentiary hearing in such mixed cases is before the Board, not the EEOC. *Rosso v. Department of Homeland Security*, 113 M.S.P.R. 271, ¶ 11 (2010); *see* 5 U.S.C. §§ 7701(a)(1), 7702(a); 29 C.F.R. § 1614.302(d)(3) (providing that an agency issuing a final decision on a mixed‑case complaint "shall advise the complainant of the right to appeal the matter to the [Board] (not EEOC)"); *see also Gubisch v. Department of the Treasury*, 36 M.S.P.R. 634, 637 (1988) (observing that the EEOC has no role in a mixed-case appeal unless and until the Board has issued a decision that complies with 5 U.S.C. § 7702(a)(1)). In such appeals, "the Board shall . . . decide both the issue of discrimination and the appealable action in accordance with [its] appellate procedures under [5 U.S.C. §§ 7701 and 7702]." 5 U.S.C. § 7702(a)(1); *Savage*, 122 M.S.P.R. 612, ¶ 45.

¶12    An appellant who disagrees with the Board's decision may seek review from the EEOC. 5 U.S.C. § 7702(b)(1). The EEOC may decline to "consider" the Board's decision, consider and concur in the decision, or consider and disagree with the decision. 5 U.S.C. § 7702(b)(2)-(3). If the EEOC disagrees, it must refer the matter back to the Board. 5 U.S.C. § 7702(b)(3), (b)(5)(B). The Board then reviews and either "concur[s] and adopt[s]" the EEOC's decision or reaffirms its own decision. 5 U.S.C. § 7702(c).

¶13    If the Board reaffirms its own decision, it is required to refer the matter to a Special Panel, consisting of one member each from the Board and the Commission, and a Presidential appointee. 5 U.S.C. § 7702(c)(2), (d)(1), (d)(6)(A). The Special Panel then issues a decision, "giv[ing] due deference to the respective expertise of the Board and [EEOC]." 5 U.S.C. § 7702(d)(2)(A)-(B).

¶14    At various stages in the process, if the employee has exhausted her administrative remedies, or if she has attempted to do so and sufficient time has elapsed, she has the right to proceed in Federal district court. 5 U.S.C.

§§ 7702(a)(2)‑(3), (b)(5)(A), (d)(2)(A), (e)(1), 7703(b)(2).  There, she is entitled to de novo review.  5 U.S.C. §§ 7702(e)(3), 7703(c).

¶15        A Senate Report on the CSRA expressed the intent that the Board consider discrimination claims together with "the employee's inefficiency or misconduct" as "two sides of the same question."  S. Rep. No. 95‑969, at 53 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2775.  This would permit a "single unified personnel policy which took into account the requirements of all the various laws and goals governing Federal personnel management."  *Id.*  The mixed-case appeal process was intended to streamline adjudication, avoid "forum shopping and inconsistent decisions," and ensure that "the Board and the [EEOC] work together to resolve any differences."  *Id.*

¶16        Similarly, a joint statement by a Senate and House conference committee expressed the goal to "maintain[] the principle of parity between the MSPB and EEOC" in the mixed-case appeal process.  H.R. Rep. No. 95‑1717, at 139 (1978) (Conf. Rep.), *reprinted in* 1978 U.S.C.C.A.N. 2860, 2873.  Therefore, the Board's decision in a mixed-case appeal was to "include[] any remedial order the [EEOC] . . . may impose under law."  H.R. Rep. No. 95‑1717, at 140, *reprinted in* 1978 U.S.C.C.A.N. at 2873.  The EEOC was to determine whether the Board correctly interpreted the laws "over which the EEOC has jurisdiction" and awarded an appropriate remedy.  H.R. Rep. No. 95‑1717, at 140, *reprinted in* 1978 U.S.C.C.A.N. at 2873-74.

¶17        Consistent with their relative roles in adjudicating appealable actions, the Board generally defers to the EEOC on issues of substantive discrimination law unless the EEOC's decision rests on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law.  *Southerland*, 122 M.S.P.R. 51, ¶ 12.  The Civil Rights Act of 1991 provides for compensatory damages in matters brought pursuant to 42 U.S.C. § 2000e-16.  42 U.S.C. § 1981a(a)(1); *West*, 527 U.S. at 217-23.  Further, the EEOC has the authority to

award compensatory damages pursuant to the Civil Rights Act of 1991. *West*, 527 U.S. at 217‑20, 223. In finding such authority appropriate, the U.S. Supreme Court reasoned that it is consistent with a remedial scheme that requires exhaustion of administrative remedies to "encourag[e] quicker, less formal, and less expensive resolution of disputes within the Federal Government outside of court." *Id.* at 218-19.

¶18     This reasoning is equally applicable here, particularly because, as discussed above, an employee's only right to an administrative hearing on a discrimination claim related to an otherwise appealable action is before the Board. Further, because such cases necessarily contain allegations that discrimination prohibited by 42 U.S.C. § 2000e-16 occurred, we find the reasoning in *West* extends to the Board's adjudication of these claims. *See* 5 U.S.C. § 7702(a)(1)(B)(i); *see also* 5 U.S.C. § 7703(b)(2) (stating that "[c]ases of discrimination subject to the provisions of section 7702 of this title shall be filed under [42 U.S.C. § 2000e‑16(c)]"). Although the Board stated in *Savage* that mixed-case appeals are decided using the Board's appellate procedures, it also recognized that the substantive standard for title VII claims in the Federal sector is set forth in 42 U.S.C. § 2000e-16. *Savage*, 122 M.S.P.R. 612, ¶¶ 44-45. Therefore, we find that *Savage* did not affirmatively diminish the Board's previous practice of awarding compensatory damages.

¶19     The EEOC believes that the Board is required to adjudicate an appellant's claim for any compensatory damages resulting from a discriminatory or retaliatory adverse action. *Martin v. Department of the Air Force*, 73 M.S.P.R. 590, 593-94 (1997). Although it reasonably may be argued that the question of whether compensatory damages are available in the administrative process involves the Board's jurisdiction, and therefore is a matter of civil service law, the Board previously has found that, at base, the issue is one of discrimination law. *Crosby v. U.S. Postal Service*, 78 M.S.P.R. 263, ¶ 8 (1998). The Board

reasoned that the authority for compensatory damages derives from the Civil Rights Act of 1991, which is discrimination law, and implicates not just the Board's authority, but that of the EEOC.  *Id.*  Thus, if an appellant prevails in an appeal before the Board based on a finding of discrimination, she may recover compensatory damages from the agency pursuant to the Civil Rights Act of 1991. *Hocker v. Department of Transportation*, 63 M.S.P.R. 497, 505 (1994), *aff'd per curiam*, 64 F.3d 676 (Fed. Cir. 1995) (Table); 5 C.F.R. § 1201.202(c) (reflecting the Board's authority to award compensatory damages under the Civil Rights Act of 1991).  We continue to defer to the EEOC's interpretation of the Board's ability to award compensatory damages, which we find is not so unreasonable as to amount to a violation of civil service law.

¶20    In light of our finding that *Savage* does not alter the Board's previous practice of awarding compensatory damages, we find that the appeal is not moot.

## ORDER

¶21    Accordingly, we vacate the stay order issued in this proceeding and return the appeal to the regional office for further processing and adjudication consistent with this Opinion and Order.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.